UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN JEFFERY RICHSON-BEY,<br><br>                Plaintiff,<br>    v.<br><br>WILLIAM PALMER, et al.,<br><br>                Defendants. | Case No. 1:23-cv-00778-ADA-EPG (PC)<br><br>ORDER FOR PLAINTIFF TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED<br><br>TWENTY-ONE-DAY DEADLINE |

Sean Richson-Bey ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action. Plaintiff filed the operative complaint on May 22, 2023. (ECF No. 1). Plaintiff generally claims that his ongoing criminal state court proceedings are not being conducted fairly, and he sues parties connected with that prosecution (three judges of the Kings County Superior Court, two deputy district attorneys, and a court-appointed counsel).

For the reasons described below, the Court will order Plaintiff to file a response within twenty-one days, explaining why this action should not be dismissed pursuant to the <u>Younger</u> abstention doctrine, because the judge and prosecutor defendants are immune from suit and Plaintiff cannot bring a section 1983 claim against his court-appointed counsel, and because his claims based on the Treaty of Peace and Friendship are frivolous.

\\\

\\\

1

I.    **DISCUSSION**

    a.    <u>Younger Abstention</u>

        i.    *Legal Standards*

In most circumstances, federal courts "may not interfere with pending state criminal or civil proceedings." <u>Aiona v. Judiciary of State of Hawaii</u>, 17 F.3d 1244, 1248 (9th Cir. 1994). This doctrine, called *Younger* abstention, is rooted in the "desire to permit state courts to try state cases free from interference by federal courts." <u>Younger v. Harris</u>, 401 U.S. 37, 43 (1971) ("[The] underlying reason for restraining courts of equity from interfering with criminal prosecutions is reinforced by an even more vital consideration, the notion of 'comity,' that is, a proper respect for state functions…."). Thus, "[a]bsent extraordinary circumstances, interests of comity and federalism instruct federal courts to abstain from exercising our jurisdiction in certain circumstances when asked to enjoin ongoing state enforcement proceedings." <u>Page v. King</u>, 932 F.3d 898, 901 (9th Cir. 2019) (alterations, citation, and internal quotation marks omitted); <u>accord</u> <u>Trump v. Vance</u>, 140 S. Ct. 2412, 2420-21 (2020) (noting <u>Younger</u> "generally precludes federal courts from intervening in ongoing state criminal prosecutions").

"*Younger* abstention is appropriate when: (1) there is an ongoing state judicial proceeding; (2) the proceeding implicates important state interests; (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges; and (4) the requested relief seeks to enjoin or has the practical effect of enjoining the ongoing state judicial proceeding." <u>Arevalo v. Hennessy</u>, 882 F.3d 763, 765 (9th Cir. 2018) (alterations, citation, and internal quotation marks omitted).

Typically, dismissal is required for <u>Younger</u> abstention. <u>Aiona</u>, 17 F.3d at 1248 (holding that, when abstaining under <u>Younger</u>, "a district court must dismiss the federal action … [and] there is no discretion to grant injunctive relief") (citation and internal quotation marks omitted). But "federal courts should not dismiss actions where damages are at issue; rather, damages actions should be stayed until the state proceedings are completed." <u>Gilbertson v. Albright</u>, 381 F.3d 965, 968 (9th Cir. 2004). Lastly, "[f]ederal courts will not abstain under *Younger* in extraordinary circumstances where irreparable injury can be shown." <u>Page</u>,

932 F.3d at 902 (citation and internal quotation marks omitted). "[B]ad faith and harassment" are "the usual prerequisites" to show "the necessary irreparable injury." Younger, 401 U.S. at 53.

### ii. Analysis

It appears from the face of the complaint that Plaintiff is challenging actions that occurred in an ongoing criminal proceeding. Plaintiff sues three judges of the Kings County Superior Court, two deputy district attorneys, and a court-appointed counsel. Plaintiff complains about how his criminal case has been handled thus far. The latest event occurred on April 3, 2023, where the magistrate judge allegedly threatened Plaintiff with sanctions to coerce his compliance after Plaintiff refused to participate in a hearing and acknowledge appointment of counsel. Among other things, Plaintiff seeks "[i]njunctive relief via removal of prosecution from state court to safeguard constitutionally secured rights." (ECF No. 1, p. 12).

Thus, it appears that there is an ongoing state judicial proceeding, the proceeding implicates important state interests, i.e., enforcement of state criminal law, that Plaintiff has the opportunity to raise these issues in the state proceeding and appeal to state appellate courts (and potentially seek petitions for writs of habeas corpus), and the requested relief seeks an end to the ongoing state proceeding. Accordingly, it appears that the Court should abstain from hearing this action pursuant to Younger.

### b. Immunity

### i. Legal Standards

"It has long been established that judges are absolutely immune from liability for acts 'done by them in the exercise of their judicial functions.'" Miller v. Davis, 521 F.3d 1142, 1145 (9th Cir. 2008) (quoting Bradley v. Fisher, 80 U.S. (13 Wall.) 335, 347 (1871)); see also Moore v. Brewster, 96 F.3d 1240, 1243 (9th Cir. 1996) (noting that Federal judges are entitled to absolute judicial immunity). And immunity is overcome only in two circumstances:

First, a judge is not immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity. *Forrester v. White*, 484 U.S., at 227–229, 108 S.Ct., at 544–545; *Stump v. Sparkman*, 435 U.S., at 360, 98 S.Ct., at 1106. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction. *Id.*, at 356–357, 98 S.Ct., at 1104–

3

1105; *Bradley v. Fisher*, 13 Wall., at 351.

Mireles v. Waco, 502 U.S. 9, 11-12 (1991).  Further, the Ninth Circuit has extended absolute quasi-judicial immunity "to court clerks and other non-judicial officers" when undertaking acts that are part of the judicial function.  In re Castillo, 297 F.3d 940, 952 (9th Cir. 2002), as amended (Sept. 6, 2002).

Moreover, "[p]rosecutorial immunity has developed along much the same lines as judicial immunity.  Immunity extends to protect a prosecutor who acts within his or her authority and in a quasi-judicial capacity."  Ashelman v. Pope, 793 F.2d 1072, 1076 (9th Cir. 1986).  And "[w]here a prosecutor acts as an advocate in initiating a prosecution and in presenting the state's case, absolute immunity applies."  Id. (internal citations and quotation marks omitted).

      ii.   *Analysis*

 As discussed above, Plaintiff is complaining about how his ongoing criminal case is being handled.  As Plaintiff is complaining about actions taken during criminal proceedings, it appears that the three judges of the Kings County Superior Court and the two deputy district attorneys are entitled to immunity from a civil lawsuit.

As to his court-appointed counsel, it appears that Plaintiff cannot bring a section 1983 claim.  To state a claim under section 1983, Plaintiff must allege a deprivation of a right secured by the Constitution and laws of the United States "by a person acting under color of state law."  West v. Atkins, 487 U.S. 42, 48 (1988).  Attorneys do not act under color of state law when they perform "a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."  Polk County v. Dodson, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); Szijarto v. Legeman, 466 F.2d 864 (9th Cir. 1972) (In regard to section 1983, "an attorney, whether retained or appointed, does not act 'under color of' state law").

Thus, based on the face of the complaint, it appears that this action should be dismissed because the judge and prosecutor defendants are immune from suit and Plaintiff cannot bring a

section 1983 claim against his court-appointed counsel.[1]

To the extent Plaintiff wishes to challenge rulings by the court in his ongoing criminal case, he may appeal any judgment against him, and may seek other relief through the judicial process, which may include petitions for writ of habeas corpus.  However, it does not appear that Plaintiff has a basis to sue the judge and prosecutor in his case for money damages.

## II.      ORDER TO SHOW CAUSE

Accordingly, it is HEREBY ORDERED that, within **twenty-one (21) days** from the date of service of this order, Plaintiff shall show cause why this action should not be dismissed pursuant to the <u>Younger</u> abstention doctrine, because the judge and prosecutor defendants are immune from suit and Plaintiff cannot bring a section 1983 claim against his court-appointed counsel, and because his claims based on the Treaty of Peace and Friendship are frivolous.

IT IS SO ORDERED.

Dated:   __July 26, 2023__              ___/s/ Erica P. Grosjean___

                                       UNITED STATES MAGISTRATE JUDGE

---

[1] To the extent that they are separate from his section 1983 claims, Plaintiff's claims based on the Morocco Treaty of Peace and Friendship appear to be frivolous.  <u>See, e.g.</u>, <u>Bey v. Linder</u>, 2020 WL 5110357, at *3 (E.D. Cal. Aug. 31, 2020) ("Claims based on the violation of the Treaty of Peace and Friendship have repeatedly been found to be frivolous."), <u>report and recommendation adopted</u>, (E.D. Cal. Nov. 24, 2020).