UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN JEFFERY RICHSON-BEY, | Case No. 1:23-cv-00778-NODJ-EPG (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS TO DISMISS THE CASE AS DUPLICATE OF CASE NO. 1:23-cv-463-JLT-SAB AND TO DENY MOTION TO FILE SUPPLEMENTAL PLEADINGS (ECF NO. 10) |
| v. | |
| WILLIAM PALMER, ET AL., | |
| Defendants. | OBJECTIONS, IF ANY, DUE WITHIN THIRTY DAYS |

Plaintiff Sean Richson-Bey is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action. Plaintiff filed the operative complaint on May 22, 2023. (ECF No. 1). Plaintiff generally claims that his ongoing criminal state court proceedings are not being conducted fairly, and he sues parties connected with that prosecution: three judges of the Kings County Superior Court, two deputy district attorneys, and a court-appointed counsel.

For the following reasons, the Court recommends that this action be dismissed as duplicative of *Richson-Bey v. Palmer*, No. 1:23-cv-00463-JLT-SAB (*Richson-Bey I*).

The Court Plaintiff's construes Plaintiff's Motion to File Supplemental Pleadings (ECF No. 10) as a motion for leave to amend and recommends denying it as futile.

Plaintiff may file objections to this order within thirty days.

1

I.      SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). Additionally, as Plaintiff is proceeding *in forma pauperis* (ECF No. 6), the Court may screen the complaint under 28 U.S.C. § 1915. That statute also requires that the Court dismiss the case at any time if it determines that the action is either frivolous or malicious, "fails to state a claim upon which relief may be granted," or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

II.     SUMMARY OF PLAINTIFF'S FILINGS

A.  Complaint (ECF No. 1)

This action appears to arise from state criminal court proceedings at the Superior Court for Kings County. (*See* ECF No. 1 at 2, referring to Plaintiff's criminal case, *People v. Richson*, No. 23CM-0060). Plaintiff names as defendants William Palmer, Robert Burns, Michael Reinhart, who are all magistrates at the Kings County Superior Court; Melina Benninghoff, his court-appointed attorney at the Kings County Superior Court; and William Wolfe[1] and Peter Zerbib, both deputy district attorneys for Kings County. (ECF No. 1 at 2). Plaintiff, who at the time of filing the lawsuit was a prisoner at Salinas Valley State Prison, alleges he is a "Moorish-American National of Moroccan descent, Indigenous, Natural Person, Aboriginal to the Americas, In Propria Persona, Sui Juris, In Full Life." (*Id.* at 2).

Plaintiff alleges that on February 22, 2023, he refused "offer to appear before the Kings County Superior Court" via Zoom teleconference. (*Id.*) He then learned of pending arraignment scheduled for March 20th, 2023, at Kings County Superior Court, in a case *In Re People v. Sean Richson*, No. 23CM-0060. (*Id.*) Plaintiff attempted to contest "the court's assumption of

_____

[1] Throughout his pleadings, Plaintiff uses both "Wolfe" and "Wolf." The Court assumes Plaintiff refers to the same Defendant regardless of spelling.

personal and subject matter jurisdiction" by filing "Affidavit of Averment of Jurisdiction" via mail. (*Id.*)

On March 20, 2023, "under protest and threat of physical extraction," Plaintiff appeared before Kings County Magistrate Palmer, who "refused to hear Affidavit . . . and disregarded [Plaintiff's] motion contesting same," entered not guilty plea on Plaintiff's behalf, and appointed attorney Behinnghoff over Plaintiff's objection. (*Id.* at 2–3). The case was then continued and scheduled over Plaintiff's objection. (*Id.* at 3).

On March 30, 2023, Plaintiff was brought before magistrate Burns, and Benninghoff's appointment was continued over Plaintiff's protest. (*Id.*) Plaintiff again renewed his request for ruling on his Affidavit and oral motion contesting jurisdiction. (*Id.*) Burns denied it, disabled Plaintiff's intercom so he could not respond, and proceedings were then continued and scheduled without his participation. (*Id.* at 3–4).

On April 3, 2023, Plaintiff appeared before magistrate Reinhart for preliminary hearing, who threatened Plaintiff repeatedly "with sanctions to coerce compliance after [Plaintiff] refused to participate and acknowledge Benninghoff's appointment." (*Id.* at 4). Plaintiff makes other allegations against Reinhart for forcing Plaintiff "to choose between due process and speedy trial rights," disrespecting Plaintiff's "request for consul notification, and subsequent request for phone call(s)," "continuing Behinnghoff as co-counsel over protest," and acting in concert with prosecutor Wolfe. (*Id.*)

Plaintiff then states that deputy district attorney who executed criminal complaint in state action is Peter B. Zerbib, former attorney for Plaintiff in action No. 11CM-7138, "who abandoned said representation without notice following complaint" by Plaintiff. (*Id.* at 5.)

Plaintiff alleges that magistrates colluded and acted in combination with Benninghoff and Wolfe, and that "the shuffling before consecutive magistrates" was "devised, or orchestrated, in anticipation upon notice via Affidavit of Averment of Jurisdiction to frustrate" his protections and rights "represented in said Affidavit." (*Id.*)

Based on these factual allegations, Plaintiff asserts the following causes of action: (1) due process violations under the Fifth and Fourteenth Amendments and the 1836 United

States Morocco Treaty of Peace and Friendship; (2) violations of the Sixth Amendment and the 1836 United States Morocco Treaty of Peace and Friendship arising from the appointment of counsel in Plaintiff's criminal matter, over his objection; (3) violations of the Fourteenth Amendment equal protection clause and the 1836 United States Morocco Treaty of Peace and Friendship based on magistrate's prejudice towards Plaintiff's "rights on account of National identity/origin." (*Id.* 5–12). Plaintiff seeks monetary damages and injunctive relief "via removal of prosecution from state court to safeguard constitutionally secured rights." (*Id.* at 12).

### B.  Plaintiff's Response to Order to Show Cause (ECF No. 11)

On July 26, 2023, the Court issued an Order to Show Cause, ordering Plaintiff to explain why this action should not be dismissed pursuant to the *Younger* abstention doctrine, as well as because the judge and prosecutor defendants are immune from suit, Plaintiff cannot bring a section 1983 claim against his court-appointed counsel, and because his claims based on the Treaty of Peace and Friendship are frivolous. On August 17, 2023, Plaintiff filed a response (ECF No. 11).

In his response, Plaintiff argued that *Younger* doctrine is inapplicable in cases of proven harassment or where federal preemption of state law is readily apparent (ECF No. 11 at 1, 2). He then recounted allegations from his complaint and argued that the Treaty of Peace and Friendship "preempts state law claims under the Supremacy Clause of the Federal Constitution." (*Id.* at 4). In addition, Plaintiff argued that defendants in this case are not immune because magistrates' actions "exhibit a pattern and practice of discriminatory conduct" (*id.* at 6) and because his court-appointed counsel Behinnghoff is colluding with state court to undermine Plaintiff's ability to enforce his rights (*id.* at 7). Plaintiff then voluntarily withdrew his claims against Defendants Zerbib and Wolfe. (*Id.* at 8).

### C.  Plaintiff's Motion for Supplemental Pleadings (ECF No. 10).

On the same day as his Response to Order to Show Cause, Plaintiff also filed a Motion for Supplemental Pleadings (ECF No. 10) under Federal Rule of Civil Procedure 15(d). In that Motion, Plaintiff details events that transpired in his state court proceeding since filing of his complaint. Plaintiff requested that magistrates Palmer, Burns, and Reinhart recuse themselves

from his proceedings for prejudice; Burns denied his motion. (*Id.* at 2). Burns also found that "imposition of counsel over objection is warranted" because Plaintiff "disrupted the 'business of the court.'" (*Id.* at 2–3). The court then reinstated Benninghoff, who conducted preliminary hearing on June 29, 2023, after Plaintiff "was removed for objecting to Burn's [sic] actions." (*Id.* at 3). On July 14, 2023, Plaintiff appeared before Burns for arraignment, where Plaintiff continued to object to counsel and informed Burns that he filed a motion to dismiss. (*Id.*) Burns muted Plaintiff and conducted the arraignment. (*Id.*)

### III.   EARLIER FILED CASE

Two months prior to filing the instant suit, on March 27, 2023, Plaintiff filed another lawsuit in this Court pursuant to 42 U.S.C. § 1983 arising from the same state criminal proceeding at the Superior Court for Kings County. *See* Complaint, ECF No. 1., *Richson-Bey v. Palmer*, No. 1:23-CV-00463-JLT-SAB (E.D. Cal. March 27, 2023) (*Richson-Bey I*).

In its screening order, that Court summarized Plaintiff's allegations in *Richson-Bey I* as follows:

> This action appears to arise from state criminal court proceedings at the Superior Court for Kings County. (*See* ECF No. 1 at 7 ("affidavit of averment of jurisdiction" referring to Plaintiff's criminal case, *People v. Richson*, No. 23CM-0060).) Defendant Palmer is a magistrate at the Kings County Superior Court. (Compl. ¶ 4.) Defendant Benninghoff is an attorney. (*Id.* at ¶ 5.) Defendant Wolf is a deputy district attorney for Kings County. (*Id.* at ¶ 6.) Plaintiff, a prisoner at Salinas Valley State Prison, alleges he is a "Moorish-American National Human Flesh and Blood Being, Aboriginal, Indigenous to the Americas" and governed by the U.S. Constitution and the 1836 United States-Morocco Treaty of Peace and Friendship. (*See id.* at ¶¶ 3, 7.)
>
> Plaintiff alleges he was asked to appear for a state court hearing via videoconference (Zoom) on February 22, 2023. (*Id.* at ¶ 7.) Plaintiff refused to attend the hearing by Zoom. (*Id.*)
>
> On March 20, 2023, Plaintiff was again asked to appear for a state court hearing by Zoom; he sought to decline the appearance, but was required to do so "under threat, duress, and coercion of purported order authorizing physical extraction of [Plaintiff's] Natural Person to

5

compel compliance or attendance. (*Id.* at ¶ 8.) Plaintiff appeared before Defendant magistrate Palmer, but sought to contest the court's jurisdiction over him for lack of due process in this action; he proffered an affidavit in support of this contention. (*Id.* at ¶ 9; ECF No. 1 at 7.) Plaintiff alleges Palmer returned the affidavit to Plaintiff and did not further respond on that matter, and refused to hear or entertain Plaintiff's oral arguments on the issue of jurisdiction. (Compl. ¶ 9.) Instead, Palmer appointed defense counsel to Plaintiff (Defendant Benninghoff) and proceeded with arraignment proceedings on Plaintiff's matter. (*Id.*) Plaintiff alleges Benninghoff entered a plea of "not guilty" on his behalf, set preliminary and pretrial matters, and waived pre-arraignment matters over Plaintiff's objections and without his consent. (*Id.* at ¶¶ 9–10.) Plaintiff claims these actions demonstrate Benninghoff was in collusion with the prosecution (Wolf) and magistrate Palmer to violate Plaintiff's unspecified rights, "trafficking [his] Natural Person . . . for involuntary servitude, peonage, debt bondage, and/or slavery." (*Id.* at ¶¶ 10–11.)

The operative complaint asserts causes of action for: (1) unreasonable seizure under the Fourth Amendment related to forcing Plaintiff to appear at his state court arraignment; (2) due process violations under the Fifth Amendment, the 1836 United States Morocco Treaty of Peace and Friendship, and the 1963 Vienna Convention on Consular Relations, based on Plaintiff's contention that the March 20, 2023 hearing constituted "summary proceedings"; (3) violations of the Sixth Amendment arising from the appointment of counsel in Plaintiff's criminal matter, over his objection; and (4) violations of the Fifth Amendment arising from the "exercise of jurisdiction [over Plaintiff] by [an] incompetent tribunal." (*Id.* at ¶¶ 12–15.) Plaintiff seeks relief against each Defendant pursuant to 18 U.S.C. § 242. (*Id.* at ¶ 16.)

That Court screened Plaintiff's complaint in *Richson-Bey I*, found that his claims were frivolous because "Plaintiff's claims are entirely rooted in the sovereign citizen ideology," that Plaintiff failed to state a claim, that all named defendants were immune, and that leave to amend would have been futile. *Richson-Bey I*, No. 1:23-CV-00463-JLT-SAB, 2023 WL 4274345, at *2 (E.D. Cal. June 29, 2023). The Court recommended dismissing Plaintiff's complaint. *Id.* Plaintiff then voluntarily dismissed his *Richson-Bey I* suit on July 25, 2023, ECF

6

No. 9, and the Court closed that case on July 26, 2023, ECF No. 10. *Richson-Bey I*, No. 1:23-CV-00463-SAB (E.D. Cal. July 26, 2023).

## IV.    DISCUSSION

### A.  Legal Standards

The Prison Litigation Reform Act of 1995 (PLRA) requires courts to screen prisoner complaints and dismiss those that are frivolous or malicious, which encompasses duplicative cases where a complaint merely repeats pending or previously litigated claims. *See* 28 U.S.C. § 1915A; 28 U.S.C. § 1915(e)(2)(B)(i); *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (citing earlier version of § 1915(e)); *see also Denton v. Hernandez*, 504 U.S. 25, 30 (1992) (recognizing Congress's concern regarding IFP litigants "filing frivolous, malicious, or repetitive lawsuits") (emphasis added).

"To determine whether a suit is duplicative, we borrow from the test for claim preclusion."[2] *Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007) (quoting *Walton v. Eaton Corp.*, 563 F.2d 66, 70 (3d Cir. 1977)), *overruled on other grounds by Taylor v. Sturgell*, 553 U.S. 880, 904 (2008). "'[T]he true test of the sufficiency of a plea of 'other suit pending' in another forum [i]s the legal efficacy of the first suit, when finally disposed of, as 'the thing adjudged,' regarding the matters at issue in the second suit.'" *Id.* (second alteration in original) (quoting *The Haytian Republic*, 154 U.S. 118, 124 (1894)). "Thus, in assessing whether the second action is duplicative of the first, we examine whether the causes of action and relief sought, as well as the parties . . . to the action, are the same." *Adams*, 487 F.3d at 689; *see also Serlin v. Arthur Anderson & Co.*, 3 F.3d 221, 223 (7th Cir. 1993) ("[A] suit is duplicative if the claims, parties, and available relief do not significantly differ between the two actions." (internal quotation marks omitted)).

---

[2] The primary difference between dismissing a case as duplicative and dismissing a case under the doctrine of claim preclusion is that a final judgment need *not* have been entered to dismiss a case as duplicative while claim preclusion requires a final judgment on the merits. *Cook v. C.R. England, Inc.*, 2012 WL 2373258, at *3 (C.D. Cal. June 21, 2012). A final judgment has not been entered in *Richson-Bey I* because Plaintiff voluntary dismissed the case after the Court screened his complaint. Accordingly, the Court does not apply the doctrine of claim preclusion.

**B. Analysis**

In assessing whether this proceeding is duplicative of *Richson-Bey I*, the Court first examines causes of action. Both cases arose from the same state criminal court proceedings against Plaintiff at the Superior Court for Kings County, beginning with arraignment on February 22, 2023, *People v. Richson*, No. 23CM-0060. In both cases, all of Plaintiff's claims arise from the contention that he was wrongly forced to appear at and participate in state court proceedings which did not have jurisdiction over him. In both cases, Plaintiff claims his due process rights, Sixth Amendment rights, and rights under international treaties were violated by magistrate refusing to hear his arguments based on his "Affidavit of Averment of Jurisdiction" and appointing attorney to represent him over his objection, and that magistrates, his court-appointed attorney, and prosecutor all colluded and acted in concert. In comparing these complaints, "it is clear that the . . . actions share a common transaction nucleus of facts." *Adams*, 487 F.3d at 689. While this lawsuit includes additional allegations regarding what has transpired at later hearings and Plaintiff's Motion for Supplemental Pleadings (ECF No. 10) seeks to add to those allegations, fundamentally, both lawsuits are about Plaintiff's attempts to contest state court's jurisdiction over him as "Moorish-American National." Additional facts do not change that the two actions share a common transaction nucleus of facts. *Constantini v. Trans World Airlines*, 681 F.2d 1199 (9th Cir. 1982).

Next, the Court considers parties and available relief. Three of the six defendants in this case, Palmer, Benninghoff, and Wolfe, were also named in *Richson-Bey I*. In this case, Plaintiff voluntary withdrew his claims against Wolfe and Zerbib (ECF No. 11 at 8), leaving Defendant Burns as one remaining defendant in this case who was not named in *Richson-Bey I*. Defendant Burns, like Defendant Palmer, is magistrate at the Kings County Superior Court. (ECF No. 1 at 2). Thus, to the extent the cases differ, this case adds one additional defendant, who has absolute immunity from liability for acts performed in the exercise of his judicial functions. *Miller v. Davis*, 521 F.3d 1142, 1145 (9th Cir. 2008). *Richson-Bey I* sought relief unavailable in § 1983 action, "a remedy pursuant to 18 U.S.C. § 242." *See* Complaint, ECF No. 1 at 5,

*Richson-Bey I*. To the extent relief under § 1983 is available to Plaintiff in this action, it was also available to him in *Richson-Bey I*, which was also brought under § 1983.

*Richson-Bey I* therefore encompassed the same claims, defendants, and relief sought in the instant action. Under the *Adams* test, had *Richson-Bey I* been disposed of "as the thing adjudged," it would have had a preclusive effect "regarding the matters at issue in the second suit," which is the instant action. *Adams*, 487 F.3d at 689. In these circumstances, this Court has previously held the cases to be duplicative. *See, e.g.*, *Schowachert v. Polley*, No. 1:22-cv-1249-JLT-BAM, 2022 WL 16811914, at *1 (E.D. Cal. Nov. 8, 2022); *Osborne v. Clavache*, No. 2:20-cv-02341-KJM-JDP, 2021 WL 4751372, at *1 (E.D. Cal. Oct. 12, 2021).

Based on the foregoing, the Court finds that the claims, relief sought, and parties to this action and *Richson-Bey I* are the same. The instant case is therefore duplicative of *Richson-Bey I* and the Court recommends that this case be dismissed as frivolous. *Cato*, 70 F.3d at 1105 n.2; § 1915A(b)(1); § 1915(e)(2)(B)(i).[3]

In light of the foregoing, the Court finds that granting leave to amend would be futile since defects in this action cannot be cured be amendment. Therefore, the Court also recommends that Plaintiff's Motion for Supplemental Pleadings (ECF No. 10) is denied.

## V.    ORDERS AND RECOMMENDATIONS

Based on the foregoing, **IT IS RECOMMENDED**:

1.   Plaintiff's complaint (ECF No. 1) be dismissed with prejudice as duplicative;[4]

2.   Plaintiff's Motion for Supplemental Pleadings (ECF No. 10) be **DENIED**;

---

[3] In the alternative, the case is also subject to dismissal as frivolous for the reasons articulated in *Richson-Bey I* screening order, *Richson-Bey I*, No. 1:23-CV-00463-JLT-SAB, 2023 WL 4274345 (E.D. Cal. June 29, 2023), because Plaintiff's claims are entirely rooted in the sovereign citizen ideology and all defendants are immune, as well as the reasons articulated in the Court's Order to Show Cause in this action (ECF No. 9).

[4] The Ninth Circuit has recognized that a duplicative suit is either frivolous or malicious, and thus the dismissal of such a suit qualifies as a strike within the meaning of the three strikes provision of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g). *See Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (recognizing that a duplicative complaint is either frivolous or malicious); *LeBlanc v. Asuncion*, 699 F. App'x 762 (9th Cir. 2017) (holding that dismissal of duplicative complaint was properly deemed a strike) (citing *Cato*, 70 F.3d at 1105 n.2).

3.   The Clerk of Court be directed to close this case.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   __February 27, 2024__          ___/s/ Erica P. Grosjean___
                                        UNITED STATES MAGISTRATE JUDGE